# EXHIBIT 10

48.     In addition to allowing or excusing the abovementioned Bankruptcy TRO violations, the Trustee has failed to secure the return of assets to the estates, whether it be the bonding equipment for use in product manufacturing, technology demonstrators for use in securing strategic partners and investors, or components overdue for customer delivery. The Trustee seems to have adopted a status quo attitude regarding the assets, leaving them scattered across the globe and in the illegal possession and control of the enjoined parties.

49.     Upon information and belief, the Trustee was given a presentation of the Debtors' own technology in March 2024 by Stastney, who demonstrated one of the latest samples made by the Debtors' Netherlands R&D engineers. Rather than confiscate the demonstrator sample as estate property since it contained the Debtors' proprietary technology, the Trustee allowed Stastney, a party specifically enjoined by the Bankruptcy TRO, to maintain possession of the unit for use in competition with the Debtors.

50.     There should be an immediate surrender of all Glasses-Free 3D demonstrators by the Hawk Parties to the Trustee on behalf of the Debtors, an action that should have occurred following the Delaware Supreme Court's 5-0 en banc decision of June 15, 2022. That decision found the Omnibus Agreement, which purported to transfer the Debtors' assets SeeCubic, to be invalid and ordered the decision granting SeeCubic ownership and possession of the Debtors' assets to be REVERSED and VACATED.

51.     The assets have never been returned to the Debtor or to the Trustee by the Hawk Parties and those working in concert with them. As a result, they have continued to represent the Debtors' technology for their own benefit, to the detriment of the Debtors, their estates, and other parties in interest.

D.      **The Solicitation and Due Diligence Materials Offered by the Trustee and SSG are Misleading and Woefully Inadequate**