# EXHIBIT 11

| | |
|---|---|
| **From:** | Christopher Michaels |
| **To:** | Caponi, Steven L.; Leslie Beth Baskin; ntwallace@aol.com |
| **Cc:** | Michael Vagnoni (michael.vagnoni@obermayer.com); George, Edmond M. Esq. (EXTERNAL); Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com); ademarco@devlinlawfirm.com; steve@rembrandt3d.com; Zahralddin, Rafael; Kevin J. Callahan Esquire (kevin.j.callahan@usdoj.gov); John.Schanne@usdoj.gov |
| **Subject:** | RE: TRO violation -- Meet and Confer conference |
| **Date:** | Sunday, May 12, 2024 1:53:00 PM |

Steven:

As a first issue, Rembrandt joined in the TRO motion (D.I. 44). Secondly, the TRO specifically references Rembrandt and prohibits any defendant from affecting the Rembrandt license (paragraph 9(a).

The TRO further prohibits "SeeCubic, Inc. and Mr. Stastney, or any other person or party acting on, either or both of their behalves," from "any external… form of communication:" that "ii. Describe, reference, display or portray the technology, or any improvements thereon, or make any representations with respect to ownership or development of such technology, purported to be owned and/or developed by Stream and/or its subsidiaries;."

While my original email was directed to the trustee's attorneys and forwarded an allegation that SeeCubic, Inc. was using estate assets to raise money, you have been responding. I expected the trustee's counsel and/or SeeCubic, Inc. counsel to have responded. The fact that it is counsel for Hawk that is leading the response leads to more questions, notably, was anyone from Hawk involved in these meetings? The fact that you are responding certainly suggests that Hawk and/or Bob Morten were directly involved. Did he attend these meetings or communicate with any of the people that did attend?

You have certainly had ample time to deny that such a meeting occurred or that Stream and Rembrandt technology was shown. You have failed to provide or offer any form of declaration or statement denying the substantive issue. That silence certainly speaks volumes.

You seem to suggest that the trustee authorized the meeting and use of Stream assets for the meeting. I am not aware of any power granted to the trustee that would allow him to revoke or modify the TRO to authorize any of the defendants to violate an order from the judge. Are you suggesting the trustee participated in the meeting or consented to use of Stream technology at the meeting? Even if the trustee was able to allow use of Stream's property, I am sure that the trustee has no authority to have granted permission to use Rembrandt technology outside the license. If Rembrandt's technology was utilized by the estate pursuant to the Rembrandt license then payment of the royalties should be made pursuant to Section 365(n)(2)(B). We have noted the Philips royalty was paid and Rembrandt's license should be paid as well.

While you complain of delays, this is a self inflicted wound. The Defendants could have abided by the TRO or agreed to meet and confer re our request to avoid any unnecessary delay. It is not lost on us that the meeting was set exactly one day after the typical time frame of 10 days to subpoena parties for appearance at the hearing. I specifically requested a discussion with counsel to provide a mechanism for expedited discovery to be completed before the hearing so that no delay was needed. This is the kind of thing that cooperative attorneys can be resolved in a phone call, declaration, and/or some documents

relaying who and what was involved at the meeting.  That is still possible and I remain willing to meet and confer to discuss reasonable discovery to avoid postponing the hearing.  Since it seems that you are unwilling to even confer on such a request, we alternatively suggest that SeeCubic make Shad Stastney available for testimony and that Hawk make Bob Morten (of whomever at Hawk participated in the meeting) available for testimony at the hearing.  Assuming the court would allow it, we have no issue if the testimony is remote.   If the trustee actually was aware of the meeting and/or authorized use of Stream property, we would also ask that he be available for testimony.  In addition, we would ask that all copies of all documents and communications regarding the meeting by all Defendants be provided by end of day Monday.  Alternatively, we will request that the hearing by postponed to allow reasonable time for discovery to investigate the issue.

Absent agreement amongst the parties, we will request relief from the court to either option outlined above.

Chris


**Christopher A. Michaels**
*Registered Patent Attorney*
*Chief Executive Officer*



118 N. Tioga Street, Suite 400, Ithaca, New York 14850
Main: 607-256-2000  Fax: 607-256-3628
www.brownandmichaels.com

Email: michaels@bpmlegal.com
Direct Dial:  607-203-9470

Confidentiality Note: This email may contain confidential information that is subject to attorney-client privilege. If you received this email in error, please delete all message content from your system and notify sender.

---

**From:** Caponi, Steven L. <Steven.Caponi@klgates.com>
**Sent:** Friday, May 10, 2024 4:31 PM
**To:** Leslie Beth Baskin <lbaskin@sgrvlaw.com>; ntwallace@aol.com
**Cc:** Christopher Michaels <michaels@bpmlegal.com>; Michael Vagnoni (michael.vagnoni@obermayer.com) <Michael.vagnoni@obermayer.com>; George, Edmond M. Esq. (EXTERNAL) <edmond.george@obermayer.com>; Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com) <eben.colby@skadden.com>; ademarco@devlinlawfirm.com; steve@rembrandt3d.com; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>; Kevin J. Callahan Esquire (kevin.j.callahan@usdoj.gov) <kevin.j.callahan@usdoj.gov>; John.Schanne@usdoj.gov
**Subject:** RE: TRO violation -- Meet and Confer conference

Leslie:

I am sure I can speak for everyone when I say - I only speak for myself and sometimes even for

my clients.  Although I would hope most of my below observations are shared by the other experienced counsel.

Despite my efforts to further a constructive dialogue, you are unwilling to see beyond your client's unsupported allegations that the secured Creditors are violating a TRO Order.  An Order that runs to the benefit of the Trustee, not your client.  As the old saying goes "if a tree falls in the forest… ."  Well - if the person protected by an injunction does not see a violation of the injunction – why are we having this discussion?

The preoccupation with unfounded allegations of a violation leaves your client grasping at every pending motion/objection as a basis to demand discovery into these alleged violations even though the alleged violations have no relevance to the motion/objection.  Unfortunately, discovery is limited to the issues raised by each discrete objection/motion.  Which is why I sought to address your concerns on a motion/objection basis below. Your below responses confirm the discovery sought does not relate to any pending motion/objection.  As it pertains to the pending objections/motions, there is no basis to seek discovery or for us to meet and confer over discovery – at this time.

It is now clear to me that your client is truly seeking discovery more properly pursued under Rule 2004.  I would suggest you file an appropriate motion and the various targets and/or Trustee can respond per the applicable rules.

Regards
SLC



**Steven L. Caponi**
Partner
K&L Gates LLP
600 N. King Street
Suite 901
Wilmington, DE 19801
Phone: 302.416.7080
Fax: 302.416.7020
steven.caponi@klgates.com
www.klgates.com

---

**From:** Leslie Beth Baskin <lbaskin@sgrvlaw.com>
**Sent:** Friday, May 10, 2024 1:31 PM
**To:** Caponi, Steven L. <Steven.Caponi@klgates.com>; ntwallace@aol.com
**Cc:** Christopher Michaels <michaels@bpmlegal.com>; Michael Vagnoni (michael.vagnoni@obermayer.com) <Michael.vagnoni@obermayer.com>; George, Edmond M. Esq.

(EXTERNAL) <edmond.george@obermayer.com>; Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com) <eben.colby@skadden.com>; ademarco@devlinlawfirm.com; steve@rembrandt3d.com; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>; Kevin J. Callahan Esquire (kevin.j.callahan@usdoj.gov) <kevin.j.callahan@usdoj.gov>; John.Schanne@usdoj.gov
**Subject:** RE: TRO violation -- Meet and Confer conference

First, I would like to know if you are speaking only on behalf of your client or if you have been asked to speak on behalf of other emails recipients.   Next, per your request, I will reply in caps below to each of our points-but let just ask how you can say that we are conflating issues when **no one** is even answering the basic questions which have been continuously asked as to where the estate assets are, what efforts the trustee or anyone are using to get the assets back into the estate and why no one is doing anything about SLS and Hawk's continued use of estate assets contrary to and in blatant violation of the existing TRO.  If you think that this is "putting the cart before the horse", then why not agree to discovery before we have to address this on antagonistic terms with the court. Please see my comments below-



**Leslie Beth Baskin, Esquire**

## Spector Gadon Rosen Vinci P.C.

**T** +1 215-241-8926
**F** +1 215-531-9145
**E** lbaskin@sgrvlaw.com

**www.sgrvlaw.com**      1635 Market Street, 7th Floor, Philadelphia, PA 19103

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

**From:** Caponi, Steven L. <Steven.Caponi@klgates.com>
**Sent:** Friday, May 10, 2024 12:48 PM
**To:** Leslie Beth Baskin <lbaskin@sgrvlaw.com>; ntwallace@aol.com
**Cc:** Christopher Michaels <michaels@bpmlegal.com>; Michael Vagnoni

(michael.vagnoni@obermayer.com) <Michael.vagnoni@obermayer.com>; George, Edmond M. Esq. (EXTERNAL) <edmond.george@obermayer.com>; Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com) <eben.colby@skadden.com>; ademarco@devlinlawfirm.com; steve@rembrandt3d.com; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>; Kevin J. Callahan Esquire (kevin.j.callahan@usdoj.gov) <kevin.j.callahan@usdoj.gov>; John.Schanne@usdoj.gov

**Subject:** RE: TRO violation -- Meet and Confer conference

{EXTERNAL EMAIL} This message originated outside of your organization.
Leslie:

I don't think anyone is avoiding a discussion.  As noted in our prior exchanges, it appears your client and Rembrandt are putting the cart before the horse and conflating issues.  In an effort to help identify the disconnect, let me address the issues as I see them.  It would be helpful if your response could similarly address each matter point by point.

1. TRO – We all agree this motion was filed by the Debtor and now falls within the purview of the Trustee.  While your client's may believe the current TRO Order was violated, the Trustee does not appear to agree with you.  Since there are no pending proceedings related to the TRO motion controlled by the Debtor and your clients lack standing to pursue the issue, there is no need for discovery **related to that motion**.  If you clients chose to file their own motion seeking injunctive relief, we can discuss what, if any, discovery is necessary once that motion is filed and we understand the scope of the allegations. I DISAGREE.  I BELIEVE THAT REMBRANDT JONED IN THE MOTION-- AND I WOULD  LIKE TO HEAR FROM THE TRUSTEE AS TO WHETHER HE IS  PURSUING THE MOTION ON MAY 15-AND IF NOT-- WHY HE IS ALLOWING THE ESTATE ASSETS TO BE USED  WHILE A TRO IS STILL IN PLACE

2. VSI/Rembrandt filed objections to the Trustee's motion seeking to retain an investment banker.  This is the Trustee's motion.  Discussions regarding what, if any, discovery is needed for its disposition is a conversation (at least initially) that should occur between you and the Trustee.  We are happy to participate after/if it is determined discovery involving my client is necessary.  I presume the other third parties have a similar view. I HAVE RECEIVED NO REPLY FROM THE TRUSTEE AND DECLINE TO TAKE YOUR KIND INVITATION FOR YOUR PARTICIPATION

3. Rembrandt/VSI objected to the Secured Creditor's claim.  These objections do not require discovery, as the pending claim has effectively been mooted by the Trustee via the 9019 Motion.  WITH ALL DUE RESPECT, YOUR OPINION AS TO WHETER DISCOVERY IS WARRANTED IS A CONCLUSION TO WHICH THERE IS GREAT DISAGREEMENT . FURTHER, THE FACT THAT THE TRUSTEE FILED A 9019 MOTION DOES NOT MOOT ANYTHING

4. The 9019 Motion was filed by the Trustee, but no party has filed an objection. I DO NOT BELIEVE THAT THE DEADLINE FOR FILING SUCH A REPSONSE HAS EXPIRED UNLESS YOU HAVE INFORMATION WHICH IS NOT PART OF THE PUBLIC RECORD Absent an objection, there is no need for discovery. Should your clients file an objection, we can then consider the issues raised and evaluate what, if any, discovery is necessary. RESPECTFULLY, I DON'T BELIEVE THAT YOU ARE THE FINAL ARBITER OF WHAT DISCOVERY IS NECESSARY

I hope the above clarifications proves helpful. Again, to keep the conversation moving forward in a productive manner, please respond point by point. Of course feel free to raise any issues I may have overlooked in a separate/new point – i.e. 5, 6, 7 … . THANK YOU FOR YOUR REPLY BUT YOU HAVE ADDED NO CLARIFICATION TO THE ISSUES. FINALLY, IF I DECIDE TO RAISE NEW ISSUES, IT WILL BE IN A FORMAT OF MY CHOOSING AND NOT YOURS. LESLIE

Regards
SLC

**From:** Leslie Beth Baskin <lbaskin@sgrvlaw.com>
**Sent:** Friday, May 10, 2024 12:27 PM
**To:** Caponi, Steven L. <Steven.Caponi@klgates.com>; ntwallace@aol.com
**Cc:** Christopher Michaels <michaels@bpmlegal.com>; Michael Vagnoni (michael.vagnoni@obermayer.com) <Michael.vagnoni@obermayer.com>; George, Edmond M. Esq. (EXTERNAL) <edmond.george@obermayer.com>; Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com) <eben.colby@skadden.com>; ademarco@devlinlawfirm.com; steve@rembrandt3d.com; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>; Kevin J. Callahan Esquire (kevin.j.callahan@usdoj.gov) <kevin.j.callahan@usdoj.gov>; John.Schanne@usdoj.gov
**Subject:** RE: TRO violation -- Meet and Confer conference

Having received no reply from anyone to my email below, I am assuming that no one on this email chain ( except for Messrs. Michaels and Zahralddin) wants to discuss what we have raised on numerous occasions as to what we perceive to be important issues moving forward. I would also like to hear from the Trustee's counsel as to how he intends to proceed on Wednesday. I find it incredible that notwithstanding our clients' differences, that we cannot talk about a *procedural* issue – how to fairly and logically proceed before the Court on May 15 and thereafter . This comment is made in light of your being advised, especially by Rembrandt's counsel, that it requires expedited discovery regarding the TRO, your Motion to Approve the Trustee Settlement Agreement, etc.

Finally you should know that I have been asked to copy Mr. Callahan and Mr. Schanne from the US Trustee's Office on correspondence such as this so that they are kept in the loop. Thank you, Leslie

**Leslie Beth Baskin, Esquire**

## Spector Gadon Rosen Vinci P.C.

**T** +1 215-241-8926
**F** +1 215-531-9145
**E** lbaskin@sgrvlaw.com

**www.sgrvlaw.com**    1635 Market Street, 7th Floor, Philadelphia, PA 19103

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

---

**From:** Leslie Beth Baskin <lbaskin@sgrvlaw.com>
**Sent:** Thursday, May 9, 2024 3:58 PM
**To:** Caponi, Steven L. <Steven.Caponi@klgates.com>; ntwallace@aol.com
**Cc:** Christopher Michaels <michaels@bpmlegal.com>; Michael Vagnoni (michael.vagnoni@obermayer.com) <Michael.vagnoni@obermayer.com>; George, Edmond M. Esq. (EXTERNAL) <edmond.george@obermayer.com>; Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com) <eben.colby@skadden.com>; ademarco@devlinlawfirm.com; steve@rembrandt3d.com; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Subject:** RE: TRO violation -- Meet and Confer conference

My understanding of the bankruptcy law is that the trustee steps in the shoes of the Debtor and therefore should be pursuing the Motion. It is clear that parties other than the Debtors are unlawfully using the IP which is licensed to the debtor( and which cannot be used and has not been sublicensed) along with Debtor's assets. So, maybe it is the trustee who should reply, too, and say what he intends to do going forward, especially on May 15..

Besides that, it is clear that there is a lot going on in this case. For example, the objection(s) filed or to be filed today to the retention of Capstone, objection to the secured status of the purported secured creditors and objections to be filed to the Trustee's settlement.

In light of the above, I think it makes perfect sense to have a call to see what issues are out there, perhaps come up with some scheduling order to propose to the judge, especially in light of Rembrandt's email stating it wants to take discovery, as I assume that other creditors will want to do.

I hope that you will take this request as a good faith offer to put aside our clients'

acrimony and try to work together especially since Judge Chan is new to this case. Please let me know and I would also like to hear from the other counsel.  Perhaps we can talk tomorrow.  Thanks so much for the courtesy of your reply.  Leslie

**Leslie Beth Baskin, Esquire**

**Spector Gadon Rosen Vinci P.C.**

**T** +1 215-241-8926
**F** +1 215-531-9145
**E** lbaskin@sgrvlaw.com

**www.sgrvlaw.com**    1635 Market Street, 7th Floor, Philadelphia, PA 19103

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

**From:** Caponi, Steven L. <Steven.Caponi@klgates.com>
**Sent:** Thursday, May 9, 2024 3:17 PM
**To:** Leslie Beth Baskin <lbaskin@sgrvlaw.com>; ntwallace@aol.com
**Cc:** Christopher Michaels <michaels@bpmlegal.com>; Michael Vagnoni (michael.vagnoni@obermayer.com) <Michael.vagnoni@obermayer.com>; George, Edmond M. Esq. (EXTERNAL) <edmond.george@obermayer.com>; Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com) <eben.colby@skadden.com>; ademarco@devlinlawfirm.com; steve@rembrandt3d.com; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Subject:** RE: TRO violation -- Meet and Confer conference

{EXTERNAL EMAIL} This message originated outside of your organization.
Leslie:

Sorry for the delay, but I have been swamped with other matters.  After looking at the issue more closely, I am not sure why we need a meet and confer, because I am not sure what issue[s] you are pressing.  The below e-mail's refer to the current TRO Order and potential violations.  But the current TRO Order was entered in response to a motion filed by the Debtors.  It is up to the Debtors to determine whether they believe a violation occurred or needs to be addressed.  The Debtors have not taken any action or voiced any concerns.   The e-mails also suggest Rembrandt believes its technology may have been improperly used.  But there is no pending motion or order defining or dealing with the use of Rembrandt's technology.

Can you please clarify why we need a meet and confer and what specifically it relates to. If Rembrandt is considering filing its own motion and would like to meet and confer on that topic, it would be helpful if you could share a draft of the motion so we can better understand your concerns.

Regards
SLC

---

**From:** Leslie Beth Baskin <lbaskin@sgrvlaw.com>
**Sent:** Thursday, May 9, 2024 11:58 AM
**To:** Caponi, Steven L. <Steven.Caponi@klgates.com>; ntwallace@aol.com
**Cc:** Christopher Michaels <michaels@bpmlegal.com>; Michael Vagnoni (michael.vagnoni@obermayer.com) <Michael.vagnoni@obermayer.com>; George, Edmond M. Esq. (EXTERNAL) <edmond.george@obermayer.com>; Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com) <eben.colby@skadden.com>; ademarco@devlinlawfirm.com; steve@rembrandt3d.com; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Subject:** RE: TRO violation -- Meet and Confer conference

Good morning- all of your silence is deafening. Are you going to agree to have a "meet and confer" today or tomorrow regarding Chris Michaels and my emails? Please show the courtesy of a reply. Thanks, Leslie

**Leslie Beth Baskin, Esquire**
### Spector Gadon Rosen Vinci P.C.

**T** +1 215-241-8926
**F** +1 215-531-9145
**E** lbaskin@sgrvlaw.com

**www.sgrvlaw.com**    1635 Market Street, 7th Floor, Philadelphia, PA 19103

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.
IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

---

**From:** Leslie Beth Baskin <lbaskin@sgrvlaw.com>
**Sent:** Wednesday, May 8, 2024 12:46 PM
**To:** Caponi, Steven L. <Steven.Caponi@klgates.com>; ntwallace@aol.com

**Cc:** Christopher Michaels <michaels@bpmlegal.com>; Michael Vagnoni (michael.vagnoni@obermayer.com) <Michael.vagnoni@obermayer.com>; George, Edmond M. Esq. (EXTERNAL) <edmond.george@obermayer.com>; Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com) <eben.colby@skadden.com>; ademarco@devlinlawfirm.com; steve@rembrandt3d.com; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Subject:** RE: TRO violation -- Meet and Confer conference

Mr. Caponi- based upon the email from Mr. Michaels and my joinder to his request below, we had hoped to schedule a conference call by now regarding upcoming events in this matter and the May 15 hearing. You were kind enough to reply, but only a few others to whom the email was sent have replied, which I find troublesome.

I have just spoken with Mr. Michaels and he has authorized me to re-state the need for such a call on a relatively immediate basis. Therefore, if all would reply to this email with dates and times of availability for this week, that would be appreciated.  If not, a request will be made to the Court on Monday requesting a continuance of the May 15 hearing and outlining the exact reasons for such a request.  I look forward to hearing from all of you.  Thank you, Leslie

**Leslie Beth Baskin, Esquire**
## Spector Gadon Rosen Vinci P.C.

**T** +1 215-241-8926
**F** +1 215-531-9145
**E** lbaskin@sgrvlaw.com

**www.sgrvlaw.com**    1635 Market Street, 7th Floor, Philadelphia, PA 19103

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.
IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

**From:** Caponi, Steven L. <Steven.Caponi@klgates.com>
**Sent:** Tuesday, May 7, 2024 2:00 PM
**To:** ntwallace@aol.com
**Cc:** Leslie Beth Baskin <lbaskin@sgrvlaw.com>; Christopher Michaels <michaels@bpmlegal.com>; Michael Vagnoni (michael.vagnoni@obermayer.com) <Michael.vagnoni@obermayer.com>; George, Edmond M. Esq. (EXTERNAL) <edmond.george@obermayer.com>; Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com) <eben.colby@skadden.com>; ademarco@devlinlawfirm.com; steve@rembrandt3d.com; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>

**Subject:** Re: TRO violation

{EXTERNAL EMAIL} This message originated outside of your organization.
Not today.
**Steven L. Caponi | K&L Gates**
600 N. King St., Suite 900
Wilmington, Delaware 19801
Phone: 302-416-7080
Email steven.caponi@klgates.com

On May 7, 2024, at 11:08 AM, ntwallace@aol.com wrote:

Are we still on for 3 pm call?  Neil Wallace

Sent from the all new AOL app for Android

On Tue, May 7, 2024 at 9:25 AM, Leslie Beth Baskin
<lbaskin@sgrvlaw.com> wrote:

> VSI supports the approach suggested by Mr. Michaels in his below email.  Kindly reply and advise as to your position.  It will help if we can have our first discussion before Judge Chan on a somewhat cooperative basis.  We need to iron how we proceed for the May 15 currently scheduled hearing, probable objections to retention of Capstone, timing of discovery, etc.
>
> Further you should all know that I will be going on a long-time planed family vacations to Italy from June 24-July 6 and will be totally unavailable then . Kindly let us know. Thanks, Leslie
>
> **Leslie Beth Baskin, Esquire**
> **Spector Gadon Rosen Vinci P.C.**
> **T** +1 215-241-8926
> **F** +1 215-531-9145
> **E** lbaskin@sgrvlaw.com
>
> **www.sgrvlaw.com**    1635 Market Street, 7th Floor, Philadelphia, PA 19103
>
> This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this

communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

---

**From:** Christopher Michaels <michaels@bpmlegal.com>
**Sent:** Monday, May 6, 2024 5:08 PM
**To:** Michael Vagnoni (michael.vagnoni@obermayer.com) <Michael.vagnoni@obermayer.com>; George, Edmond <Edmond.George@obermayer.com>
**Cc:** Eben P. Colby - Skadden, Arps, Slate, Meagher & Flom LLP (eben.colby@skadden.com) <eben.colby@skadden.com>; steven.caponi@klgates.com; ademarco@devlinlawfirm.com; ntwallace@aol.com; steve@rembrandt3d.com; Leslie Beth Baskin <lbaskin@sgrvlaw.com>; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Subject:** FW: TRO violation

{EXTERNAL EMAIL} This message originated outside of your organization.

Michael and George:

I have attached an email from Mathu Rajan alleging an upcoming meeting utilizing technology protected by the current TRO. Do you know anything about SeeCubic violating the TRO by showing prototypes that should belong to Stream?

We also note that the latest monthly statements included a reference to payments to Philips. I assume this was for product royalties related to product covered by the Philips license. To our knowledge, every product made by Stream or its subsidiaries that needs a Philips license has also utilized Rembrandt technology. What products were covered by this Philips payments? When were they made and transferred? Who authorized and made the transfer of products that precipitated payment of the fees to Philips? Why was a license fee paid to Philips but none of Rembrandt license fees paid?

I have copied Eben Colby and Steve Caponi and I am requesting a

phone conference to discuss the situation and consent to expedited discovery to provide documents and/or testimony to understand what if any technology has been demonstrated. I am open for such a call tomorrow after 3:00pm or anytime Wednesday.

Obviously, our first concern is whether Rembrandt's technology was utilized, but as a creditor, we are also concerned whether any of the assets of the estate were used outside the estate.

If we can not reach an agreement on the nature of discovery, we will ask for a conference with the judge to seek expedited discovery before the upcoming hearing on the TRO.

To that end, we demand of all parties that all documents, texts, emails, and records of all phone calls, WhatsApp texts, communications of any sort related to use of technology covered by the TRO and/or owned by Stream or its subsidiaries be preserved. Specifically, we request that if any meetings are to take place that those meetings be recorded and that the names and contact information of all those in attendance (whether in person or remotely) be collected and retained. We will use any failure to do so as evidence of your knowledge that your activities violate the existing TRO and the IP rights of Rembrandt.

I look forward to hearing from you.

Chris

**Christopher A. Michaels**
*Registered Patent Attorney*
*Chief Executive Officer*

<image001.jpg>

*Email:* michaels@bpmlegal.com

*Direct Dial:  607-203-9470*

Confidentiality Note: This email may contain confidential information that is subject to attorney-client privilege. If you received this email in error, please delete all message content from your system and notify sender.

**From:** Mathu Rajan <mathu.rajan@visualsemi.com>
**Sent:** Monday, May 6, 2024 3:27 PM
**To:** bud.robertson@visualsemi.com; Christopher Michaels <michaels@bpmlegal.com>
**Cc:** ntwallace@aol.com; nicole.maneen@visualsemi.com; ademarco@devlinlawfirm.com; steve@rembrandt3d.com
**Subject:** TRO violation

Dear Chris:

It has come to our attention that SeeCubic, Inc. ("SCI") continues to act in violation of the temporary restraining order issued by the bankruptcy court on January 5, 2024 (Adversary Docket No. 119). Recent demonstrations of Glasses-Free 3D technology have been made by SCI to its investors in London, and more are scheduled in Jersey, UK tomorrow Tuesday, May 7, 2024 in defiance of the court order. This is being done in an attempt to raise funds that SCI intends to use for a settlement with Stream TV that will have a negative impact on creditors like Rembrandt 3D. As you know, this is a pattern of behavior by SCI that you have observed consistently since the Delaware Supreme Court struck down the Omnibus Agreement and ordered the reversal of its effects nearly two years ago. SCI continues to damage Stream TV and its creditors by operating in the shadows overseas where it believes its activities will go unnoticed and without consequence.

Thanks,

Mathu

Sent from my iPhone

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Steven.Caponi@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Steven.Caponi@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Steven.Caponi@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Steven.Caponi@klgates.com.