# EXHIBIT 13

Case 2:24-cv-06706-JMY   Document 1-13   Filed 12/17/24   Page 1 of 5

| | |
|---|---|
| **From:** | Christopher Michaels |
| **To:** | Vagnoni, Michael |
| **Cc:** | George, Edmond; ntwallace@aol.com; Andrew DeMarco; Callahan Kevin |
| **Bcc:** | steve@rembrandt3d.com; stephen3d@mac.com |
| **Subject:** | Re: Proposed Settlement |
| **Date:** | Friday, June 14, 2024 2:45:14 PM |
| **Attachments:** | image005.png |
| | image005.png |

Michael:

This is resolvable, but you will need to engage with us to do so in a reasonable way. I appreciate that you want this to proceed quickly and that is possible if you move forward within the bounds of the contracts, cases, and statutes protecting IP.

I have copied Kevin Callahan in hopes that we can all work to resolve the issue without the need for further hearings.

Our issue is that the entire point of the broker agreement is for Capstone to run around offering the assets of Stream/Technovative for sale. An offer for sale, using, and importing/exporting are all acts of patent infringement under 35 USC 271 (https://www.law.cornell.edu/uscode/text/35/271).

Are you relying on, and therefore paying under, the license from Rembrandt or are you intending for the broker to cause the debtors to commit acts that are certain to cause a claim of patent infringement?

If the former, we have a clear path and Rembrandt has a claim for the $40,000/month license fee as an administrative claim. Besides the fact that both Shad Stastney and the Rajans agreed to the license terms years ago in the settlement agreement, paying the license fee is FAR cheaper than litigating the issue.

If your intent is to proceed with Capstone committing alleged infringing acts without paying the license fee, then the broker, the trustee, and debtors are all independently liable for the acts of infringement.

The trustee already testified under oath that you are not relying on an opinion of counsel, nor has he evaluated the IP issues.

Ignorance is not a defense to patent infringement and the debtors and trustee are certainly on notice. When Chief Judge Moore of the Federal Circuit was a law professor she wrote an article analyzing the frequency of findings of willful infringement. In roughly 50% of the cases where infringement was found, the court held it was willful thereby trebling damages and shifting attorney fees.

You claim that Capstone has some experience in selling IP assets, so I find it telling that they want to avoid potential liability for their acts. Notably, they are independently liable for patent infringement when offering infringing assets for sale.  The average cost of a patent defense is many millions of dollars in legal fees and it is virtually certain that Rembrandt will assert the identical claims from the original SDNY action if they proceed to offer assets for sale that include Rembrandt IP. As a practical matter, you might want to check in with Capstone if they

are still willing to take on representation resulting in a certainty of millions of dollars in litigation expenses and potentially millions of liability all in exchange for a $100,000 fee. I am guessing that you have not explained to Capstone that you are asking them to offer assets for sale that are subject to IP claims. I would be surprised if their counsel allows them to proceed after you do.

Jones Day is a very good IP firm. Rather than act as an independent director of SCBV and run the risks you are proposing to have the trustee and debtors incur, they withdrew.

I already sent you the case cites with our proposal, but current acts of infringement are not subject to the automatic stay and they do not need to brought in the same court as the bankruptcy case. There is a case against Technovative in Delaware already so we can just limit the case to post petition acts and proceed. We have a conference with the judge in Delaware scheduled. Given your articulated plan of offering for sale assets covered by Rembrandt's patents and that were created using Rembrandt's trade secrets, it sounds like the trustee is planning to join the Delaware litigation in earnest and you should plan on attending that conference. Alternatively, you could actually work with us to avoid liability for the trustee and estate.

Rather than trying to schedule this hearing as fast as possible to get Capstone approved and cast the trustee's and debtors' liability in cement, I suggest we meet to find a path forward that provides a liability free way to accomplish your goals.

We are trying to help move this forward.

Chris

Christopher A. Michaels
Brown & Michaels, PC
4th Floor M&T Bank Building
118 North Tioga Street
Ithaca, NY 14850
(607) 256-2000 (office)
(607) 256-3628 (fax)
www.bpmlegal.com

> On Jun 14, 2024, at 12:46 PM, Vagnoni, Michael <Michael.vagnoni@obermayer.com> wrote:
>
> No – the United States Trustee filed an objection and your objection is still pending. If we can resolve it, great, but for now, I need to get the hearing scheduled.
>
> **Michael D. Vagnoni**
> Partner
>
> **Obermayer Rebmann Maxwell & Hippel LLP**
> Centre Square West
> 1500 Market Street | Suite 3400
> Philadelphia, PA 19102-2101

  

215.665.3066 tel | 215.665.3165 fax
michael.vagnoni@obermayer.com | www.obermayer.com



**From:** Christopher Michaels <michaels@bpmlegal.com>
**Sent:** Friday, June 14, 2024 12:13 PM
**To:** Vagnoni, Michael <Michael.vagnoni@obermayer.com>
**Cc:** George, Edmond <Edmond.George@obermayer.com>; ntwallace@aol.com
**Subject:** Re: Proposed Settlement

I can meet Monday.

I can appear on Tuesday remotely.

I take from your comments regarding scheduling a hearing on hiring Capstone that you have lost interest in resolving our concerns such that Rembrandt would withdraw our objection.

Chris


Christopher A. Michaels
Brown & Michaels, PC
4th Floor M&T Bank Building
118 North Tioga Street
Ithaca, NY 14850
(607) 256-2000 (office)
(607) 256-3628 (fax)
www.bpmlegal.com

> On Jun 14, 2024, at 12:00 PM, Vagnoni, Michael <Michael.vagnoni@obermayer.com> wrote:

Chris – I am caught up in an emergent matter and won't have time for a call today – Let's try for Monday morning.  I wanted to try to get the hearing on Capstone's retention on for Tuesday at 11:30 with the hearing on the Motion for VSI's counsel to withdraw.  Please let me know if you are available.

Thank you.

Michael

| | |
|---|---|
| <image002.jpg> <image003.jpg> <image004.jpg> <image005.jpg> | **Michael D. Vagnoni** Partner  **Obermayer Rebmann Maxwell & Hippel LLP** Centre Square West 1500 Market Street | Suite 3400 Philadelphia, PA 19102-2101 215.665.3066 tel | 215.665.3165 fax michael.vagnoni@obermayer.com | www.obermayer.com  <image006.png> |