UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REMBRANDT 3D HOLDING LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> WILLIAM A. HOMONY, an individual residing in Pennsylvania and Chapter 11 Trustee for The Estates of Stream TV Networks, Inc. and Technovative Media, Inc.; SSG ADVISORS, LLC, a Pennsylvania Corporation; J. SCOTT VICTOR, an individual working for SSG ADVISORS, LLC, TERESA C. KOHL, an individual working for SSG ADVISORS, LLC, CRAIG D. WARZNAK, an individual working for SSG ADVISORS, LLC, ALEXANDER D. LAMM, an individual working for SSG ADVISORS, LLC, SAMUEL P. CHARLTON, an individual working for SSG ADVISORS, LLC, and DOES 1-10, inclusive, <br><br> *Defendants.* | Case No. 2:24-cv-6706-JMY <br><br> **DEMAND FOR JURY TRIAL** |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the Plaintiff Rembrandt 3D Holding Ltd. ("Plaintiff" or "Rembrandt") and Defendants William Homony ("Homony"), SSG Advisors, LLC ("SSG"), J. Scott Victor ("Victor"), Teresa C. Kohl ("Kohl"), Craig D. Warznak ("Warznak"), Alexander D. Lamm ("Lamm"), and Samuel P. Charlton ("Charlton") (collectively, "Defendants") conferred on April 14, 2025 and submit the following report of their meeting for the Court's consideration:

1

1.      Discussion of Claims, Defenses and Relevant Issues

**Plaintiff's Statement:**

Plaintiff will address the merits (or lack thereof) of Defendants' Joint Motion to Dismiss Complaint in its Response thereto, but to address Defendant's argument below, will state that this case is the paradigmatic example of one of the exceptions to the *Barton* Doctrine: i.e., cases where a trustee acts *ultra vires*, which is particularly applicable when a trustee wrongfully seizes property that is not part of the estate, as is alleged to have occurred here.  *See, e.g.*, *In re DMW Marine, LLC*, 509 B.R. 497, 507 (Bankr. E.D. Penn. 2014) (citing *In re Weisser Eyecare, Inc.*, 245 B.R. 844, 85111 (Bankr. N.D. Ill. 2000); *see also In re VistaCare Group, LLC*, 678 F.3d 218, 229 (3d. Cir. 2012) (noting that a bankruptcy trustee a statutory successor to the equity receiver and responsible for disposition of the **debtor's** property).

This matter for patent infringement, misappropriation of trade secrets, and breach of contract arises from the willful blindness of Defendants.  Despite being repeatedly put on notice of the fact that the bankruptcy estate which Defendants administered contained the intellectual property of Rembrandt, Defendants chose not to acknowledge this fact, and failed to extricate Rembrandt's intellectual property from the bankruptcy estate prior to selling the estate.  Despite repeated requests—both in court, and out of court—to provide **any** concrete evidence that Rembrandt's technology was not part of the transferred assets, Defendants declined to respond or conduct a meaningful inquiry into the bankruptcy estate.

Plaintiff can and has provided evidence in the Complaint and in other proceedings that technology present in the bankruptcy estate administered by Defendants contains Plaintiff's intellectual property. In this matter, Plaintiff will seek discovery into at least the following matters: (1) the steps taken by Defendants to ascertain whether Rembrandt's technology was present in the

assets sold by Defendants, (2) whether Defendants conducted any intellectual property review of the assets, or contacted IP counsel, (3) the extent of the patent infringement, and (4) the extent of the misappropriation of trade secrets.

Finally, there are appeals before Judge Gallagher related to the bankruptcy litigation in which Defendants administered the estate. As mentioned below, Plaintiff intends to correct its statement of related cases to address this issue, and expects to do so soon.

**Defendants' Statement**:

As set forth in detail in Defendants' Joint Motion to Dismiss Complaint (D.I. 16, "Motion to Dismiss"), this Court lacks jurisdiction over this action due to the *Barton* doctrine, pursuant to which "a party must first obtain leave of the bankruptcy court before it brings an action in another forum against a bankruptcy trustee for acts done in the trustee's official capacity." *In re VistaCare Grp., LLC*, 678 F.3d 218, 224 (3d Cir. 2012). Application of the doctrine is of particular import here, because Plaintiff's claims constitute a collateral attack on the orders of the bankruptcy court, which considered and rejected the allegations Plaintiff raises in its instant Complaint in the course of approving the Trustee's motion to sell the assets of the Debtors' estates. *See* Memorandum of Law in Support of Motion to Dismiss (D.I. 16-3 at pp. 17-20). Plaintiff has appealed the applicable bankruptcy court orders to this Court, *see* E.D. Pa. Nos. 24-cv-06617-JMG and 24-cv-02727-JMG, and the appeals are currently pending before Judge Gallagher. Tellingly given that this action represents a collateral attack on orders which are under appeal, Plaintiff failed to identify the pending appeals as pending related matters. *See* D.I. 1-15 and 1-16.

    **2.**     **Informal Disclosures**

The Parties have already served one another with initial disclosures pursuant to Rule 26 and in compliance with the scope of disclosures contemplated in that rule.

**3.     Formal Discovery**

**Plaintiff's Position:**

Plaintiff proposes that, unless otherwise stipulated by the Parties or ordered by the Court, discovery should proceed in accordance with the Federal Rules of Civil Procedure, with the following exceptions:

- Interrogatories: Plaintiff may issue 10 common interrogatories addressed to all Defendants, and 15 individual interrogatories for and to each Defendant, limited in scope to issues specific to that particular Defendant.  Defendants may issue 15 common interrogatories from all Defendants to Plaintiff, and 10 individual interrogatories, limited in scope to issues specifically pertaining to that Defendant.
- Depositions: the parties shall meet and confer on a reasonable schedule for depositions such that no individual witness need sit for more than one day of deposition on account of the number of parties entitled to depose that witness.
- Privilege Logs: the parties need not log any documents generated after the start of litigation.  The parties need only create and produce privilege logs upon demonstration of a party's need for such information.

 Plaintiff proposes a schedule for discovery as set forth in detail in Appendix A.

**Defendants' Joint Position:**

Defendants submit that formal merits discovery should not proceed due to the Court's lack of subject matter jurisdiction as set forth in detail in the Motion to Dismiss.

    **4.**    **Expert Witness Disclosures**

**Plaintiff's Position:** Plaintiff proposes a schedule of timing and sequence of disclosure set forth in Appendix A, attached. Plaintiff believes that the deposition of experts will be necessary in this matter. Plaintiff believes that the sensitive nature of claim construction merits staggered production of expert reports, as this provides the parties adequate opportunity to address the nuanced arguments raised by the opposing party and expert. Plaintiff also believes that such a system creates more responsive argument and briefing between the parties that is better organized for the Court to consider.

**Defendants' Joint Position:**

    Defendants submit that expert discovery should not proceed due to the Court's lack of subject matter jurisdiction as set forth in detail in the Motion to Dismiss.

    **5.**    **Early Settlement or Resolution**

**Plaintiff's Position:**

    Plaintiff is open to alternative dispute resolution, and is open to mediation at any time. Plaintiff contests Defendants' argument below that claims at issue are res judicata, but will do so more fully in its Response to Defendants' Motion to Dismiss.

**Defendants' Joint Position:**

    As set forth in detail in the Motion to Dismiss, Plaintiff's claims are barred by the doctrine of res judicata as they have already been resolved by the bankruptcy court, the decisions of which are under appeal in this Court. Defendants accordingly do not believe that alternative dispute resolution would be fruitful.

6. **Magistrate Jurisdiction**

**Plaintiff's Position:**

Plaintiff proposes that transferring discovery disputes to a Magistrate Judge may be appropriate given the potential volume of discovery and the likelihood of discovery disputes among the various parties. Plaintiff otherwise believes that this matter is left best in the Court's hands.

**Defendants' Joint Position:**

Given this Court's lack of jurisdiction over this matter, Defendants do not believe transfer to a United States Magistrate Judge would be advisable.

7. **Trial Date**

**Plaintiff's Position:**

Plaintiff regrets to inform the court that the parties have not agreed upon a three to four week range of time during which the case will be assigned to a trial pool. In Appendix A, Plaintiff proposes that the Court set a trial date after dispositive motions are ruled on, pursuant to paragraph 2 of the Court's policies and procedures, and consistent with a patent-related matter recently before this Court.

**Defendants' Joint Position:**

Defendants submit that a trial date should not be set due to the Court's lack of subject matter jurisdiction as set forth in detail in the Motion to Dismiss.

8. **Other Matters**

**Plaintiff's Position:**

Plaintiff wishes to inform the Court that expects to amend its statement of related cases in the near future.

**Defendants' Joint Position:**

    N/A.

| | |
|---|---|
| Date: April 15, 2025 | Respectfully submitted by: |

/s/ Andrew DeMarco
Andrew DeMarco (PA Bar No. 326294)
ademarco@devlinlawfirm.com
Neil Benchell (*pro hac vice*)
nbenchell@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

*Attorneys for Plaintiff*
*Rembrandt 3D Holding Ltd.*

/s/Jeffrey Kurtzman
Jeffrey Kurtzman
KURTZMAN STEADY, LLC
555 City Avenue, Suite 480
Bala Cynwyd, PA 19004
Telephone: (215) 883-1600
kurtzman@kurtzmansteady.com

*Counsel to SSG Advisors, LLC, J. Scott Victor, Teresa C. Kohl, Craig D. Warznak, Alexander D. Lamm, and Samuel P. Charlton*

/s/ Andrew Beli
Steven M. Coren
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com

Michael D. Vagnoni, Esquire
Edmond M. George, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066

*Counsel to the Trustee*

**Appendix A – Proposed Schedule**

| Item No. | Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|---|
| 1 | Initial Disclosures deadline | April 22, 2025 | |
| 2 | Filing of Any Agreement Reached Between the Parties Concerning ESI | April 22, 2025 | |
| 3 | Filing of Any Proposed Protective Order | April 22, 2025 | |
| 4 | Motion to Amend Deadline | 21 days after Defendants answer the complaint | |
| 5 | Deadline to add/join parties | 21 days after Defendants answer the complaint | |
| 6 | Deadline for Service of Disclosure of Asserted Claims and Infringement Contentions | June 25, 2025 | |
| 7 | Deadline for Service of Invalidity and/or Unenforceability Contentions | July 16, 2025 | |
| 8 | Deadline for Parties to Exchange Proposed Claim Terms for Construction | July 30, 2025 | |
| 9 | Deadline for Parties to Exchange Proposed Constructions for Proposed Terms | August 13, 2025 | |
| 10 | Service of Identification of Intrinsic and Extrinsic Evidence for Claim Construction | August 13, 2025 | |
| 11 | Deadline to Identify Claim Construction Experts | August 13, 2025 | |
| 12 | Parties Exchange Expert Declarations in Support of Claim Construction Positions | August 28, 2025 | |
| 13 | Completion Claim of Construction Discovery | September 11, 2025 | |
| 14 | Opening Claim of Construction Briefs Due | September 25, 2025 | |
| 15 | Responsive Claim Construction Briefs Due | October 9, 2025 | |
| 16 | Reply Claim Construction Briefs Due | October 23, 2025 | |

| 17 | Claim Construction Hearing and Tech Tutorial | November 6, 2025, or as soon thereafter as the Court's schedule permits. | |
|---|---|---|---|
| 18 | Deadline to Amend/Supplement Contentions without Leave of Court | 30 days after the Court issues its order on Claim Construction | |
| 19 | Deadline to Disclose Opinion of Counsel | 30 days after the Court issues its order on Claim Construction | |
| 20 | Deadline for Service of Contention Interrogatories | 30 days before the close of fact discovery | |
| 21 | Deadline for Service of Requests to Admit | 30 days before the close of fact discovery | |
| 22 | Close of Fact Discovery | December 19, 2025 | |
| 23 | Deposition of Fact Witnesses Deadline | December 19, 2025 | |
| 24 | Designate Experts | December 19, 2025 | |
| 25 | Opening Expert Reports[1] | January 16, 2026 | |
| 26 | Responsive Expert Reports | February 11, 2026 | |
| 27 | Close of Expert Discovery | March 4, 2026 | |
| 28 | All Counsel to Meet in Person to Discuss Settlement | 14 days after the close of fact discovery | |
| 29 | Submission of Summary Judgment/Dispositive Motions | Parties to discuss schedule for summary judgment/dispositive motions within 45 days of the close of expert discovery. | |
| 30 | Submission of Motion to Exclude Expert Testimony | Parties to discuss schedule for motions to exclude expert testimony within 45 days of the close of expert discovery. | |
| 31 | Submission Jointly-proposed Voir Dire Questions | 21 days prior to Trial | |

---

[1] On all issues on which a Party bears the burden of proof.

| | | | |
|---|---|---|---|
| 32 | Submission of Jointly-proposed Jury Instructions | 21 days prior to Trial | |
| 33 | Submission of Jointly-proposed Verdict Sheet | 21 days prior to Trial | |
| 34 | Submission of Motion *in Limine* | 21 days prior to Trial | |
| 35 | Submission of Final Pretrial Memoranda pursuant to Local Civil Rule 16.1(c) | 21 days prior to Trial | |
| 36 | Trial | To be set after summary judgment/ dispositive motions are ruled upon, per paragraph 2 of Judge Younge's Civil Case Policies & Procedures | |